# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 3:24-cr-00071-SLG-MMS |
| WILLIAM BRIAN MARSAN, | |
| Defendant. | |

## CRIMINAL PRETRIAL AND TRIAL SCHEDULING ORDER

1. **Pretrial and Trial Deadlines**

A scheduling conference was held in this matter on October 17, 2024. This order memorializes the parties' agreements and the Court's orders from that hearing.

Subject to any conflicts with the Court's criminal calendar, this case is set for a Jury Trial to begin on **December 2, 2024,** at **8:30 a.m**. in Anchorage Courtroom 2 before Judge Sharon L. Gleason. Trial is expected to take approximately **2** days. The Court hereby establishes the following deadlines:[1]

| DATE | EVENT |
|---|---|
| **October 28, 2024** | File Dispositive Motions<br>Government's Expert Disclosure |

---

[1] *See* District of Alaska Local Civil Rules and District of Alaska Local Criminal Rule 1.1(b).

| | |
|---|---|
| **November 4, 2024** | Defense Expert Disclosure |
| **November 4, 2024** | File Motions *in limine* <br> File 404(b) Notice <br> Parties to meet and confer on Jury Materials: Preliminary Statement to Jury Panel, Voir Dire, Jury Instructions, Jury Questionnaire if necessary, and Special Verdict Form |
| **November 11, 2024** | File Responses to Motions *in limine* <br> File Trial Brief <br> Exchange and File Proposed Witness Lists <br> Exhibit Exchange <br> File Proposed Jury Materials |
| **November 15, 2024** at **9:00 a.m.** in Anchorage Courtroom 2 | Final Pretrial/Jury Instructions Conference |
| **November 27, 2024** | File Trial Exhibit List <br> Lodge Trial Exhibit Binder with Court <br> File Trial Stipulations |
| **December 2, 2024** at **8:30 a.m.** in Anchorage Courtroom 2 | Trial by Jury |

**The deadlines in this order are firm. This order may be modified only for good cause shown and with the consent of the Court.** *See* **Rule 12(c)(2), Federal Rules of Criminal Procedure.**

2. **Case Management**

   a. <u>Pretrial Motions</u>. All pretrial motions are referred to the Magistrate Judge unless the reference is withdrawn except motions related to scheduling the time and place of trial. *See* Local Magistrate Judge Rule 4. However, in all criminal cases assigned to Judge Gleason, all motions *in limine* regarding trial evidentiary issues are withdrawn and will be determined by Judge Gleason. Parties seeking an evidentiary hearing on any pretrial motion must so indicate and must provide the Court with the legal authorities and argument to support such a request. Pretrial matters referred to the United States Magistrate Judge shall be resolved in accordance with the Speedy Trial Act, and in general no later than the deadline for the parties to file motions *in limine*. Any unresolved pretrial matters shall be called to the trial judge's attention no later than at the Final Pretrial/Jury Instructions Conference.

   b. <u>Pretrial Discovery</u>. The parties shall comply with the discovery deadlines ordered by the Magistrate Judge at the Discovery Management Conference (DMC), and in any subsequent orders. **Failure to comply with the discovery rules and deadlines may result in a continuance, the exclusion of**

**evidence, or any other order that is just under the circumstances.** *See* **Rule 16(d)(2), Federal Rules of Criminal Procedure.**

The parties are encouraged to provide reciprocal Jencks Act disclosures at the earliest possible date.

    c.    <u>Trial Documents</u>.

        i. *Trial Briefs*: Counsel for each party shall file with the Court, *ex parte* if necessary, a trial brief. A complete trial brief includes: (1) a statement of the facts; (2) a complete discussion of the controlling law together with specific citations of statutes and case law; and (3) a discussion of any evidentiary issues likely to arise at trial.

        ii. *Jury Materials*: Counsel shall meet and confer and attempt to agree upon a complete set of proposed written *voir dire* questions, jury instructions, a jury questionnaire, if warranted, and a special verdict form. In addition, counsel shall confer and attempt to agree upon a concise preliminary statement describing the case in an impartial, easily understood manner to file with the Court to be read to the jury panel prior to *voir dire*. A full set of agreed-upon and disputed proposed Jury Materials in Word format and modified to conform to the facts of the case shall also be emailed to

gleasonproposedorders@akd.uscourts.gov. Disputes on proposed Jury Materials will be resolved at the Final Pretrial/Jury Instruction Conference.

iii. *Trial Exhibits*: The provisions of Local Civil Rule 39.3 apply to this case, except insofar as this order establishes different deadlines for the exchange of and lodging of exhibits.

iv. *DEPS*. *See* Local Civil Rule 7.1(i). Counsel are expected to use the Court's Digital Evidence Presentation System (DEPS). Counsel shall be familiar with how the system works and shall make arrangements with the Clerk's Office no less than one week prior to trial to test any digital equipment.

v. *Sensitive Exhibits*: Sensitive Exhibits include drugs, cash, firearms or other weapons, or any other similar types of items that may be considered contraband, excluding child sexual abuse material (CSAM). *See* Local Criminal Rule 23.1.

vi. *CSAM Exhibits*: A party introducing CSAM material into evidence must notify the Court in its trial brief that such material will be offered. The party must also notify the Court prior to introducing each such item into evidence. Unredacted copies of such materials shall not be exchanged with trial exhibits and must be maintained by the party offering the evidence in

Case No. 3:24-cr-00071-SLG-MMS, *USA v. Marsan*
Criminal Pretrial and Trial Scheduling Order
Page 5 of 6
Case 3:24-cr-00071-SLG-MMS   Document 32   Filed 10/21/24   Page 5 of 6

accordance with federal law. The Court strongly encourages the parties to agree to reasonable limitations on the display of CSAM limitations (as well as non-CSMA material that may depict graphic information) and will generally order that such materials not be presented to the public or that they be presented to the public in a redacted version.

vii. *Trial Stipulations*: Counsel shall meet and confer and agree upon any stipulations of fact or expected testimony. Stipulations shall be reduced to writing, signed by both counsel and defendant, and filed with the Court prior to their admission.

d. <u>Plea Agreements</u>. Unless otherwise ordered, any notice of intent to change plea must be filed no less than one day prior to the scheduled Final Pretrial/Jury Instructions Conference. The notice of intent to change plea must indicate whether the plea will be pursuant to a written plea agreement or not (an "open plea"). *See* Local Criminal Rule 11.2. For changes of plea entered without a plea agreement, the parties are directed to file a Proposed Statement of Facts prior to the proposed change of plea hearing.

IT IS SO ORDERED.

DATED this 21st day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cr-00071-SLG-MMS, *USA v. Marsan*
Criminal Pretrial and Trial Scheduling Order
Page 6 of 6
Case 3:24-cr-00071-SLG-MMS    Document 32    Filed 10/21/24    Page 6 of 6