S. LANE TUCKER
United States Attorney

THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Thomas.bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM BRIAN MARSAN,<br><br>Defendant. | No. 3:24-cr-00071-SLG-MMS |

**GOVERNMENT'S MOTION IN LIMINE**

The United States asks the Court to exclude arguments, exhibits, and testimony regarding matters which are irrelevant to the factual determinations to be made by the jury in the instant case and which will also be substantially more prejudicial than probative. Such exhibits, testimony, and arguments constitute incorrect statements of the law and invade the province of the Court to instruct the jury on the law. Allowing such arguments and evidence will confuse the jury as to their true role of determining the factual issues before them as opposed to making determinations on the law. The United States

respectfully asks the Court, therefore, to limit the jury's exposure to arguments that are not relevant to the factual issues the jury must decide. The United States seeks to prevent the defense from arguing or presenting evidence regarding incorrect interpretations of the law; self-serving hearsay; or speculation from witnesses regarding the contents of the defendant's mind.

### A. Defendant Should Not be Permitted to Challenge Jurisdiction at Trial

Based on the defendant's pretrial filings, the Government anticipates that the defendant will try to present legal arguments and evidence regarding his assertion that the Court has no jurisdiction over the Defendant. He has not in fact filed any *motions* to dismiss for lack of jurisdiction. However, he clearly asserts that he is not required to submit to the Court. See, e.g., Doc. 14 (returned Indictment as "nonnegotiable;" Doc. 19 at paragraph 13 ("I am not interested in negotiating contracts for your defendant….") He repeatedly claims to be an "American State National" and not a "Federal Person," see, e.g., Doc. 31.

Despite "sovereign citizen" claims to the contrary, it is clear that United States District Courts have jurisdiction over criminal offenses. Section 3231 of Title 18 of the United States Code gives the District Courts original jurisdiction over "all offenses against the laws of the United States." See *United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir. 1984). There is no merit to the argument that the United States has jurisdiction only over the District of Columbia, federal enclaves and territories, and possessions of the United States. *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (argument that

district court lacks jurisdiction over Michigan resident "completely without merit and patently frivolous").

Defendant suggests that he is not subject to federal law because he is not a citizen of the United States, but a citizen of a particular "sovereign" state (Idaho). This argument has been consistently rejected by the courts. See *United States v. Cooper*, 170 F.3d 691, 691(7th Cir. 1999) ("These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore "an alien beyond the jurisdictional reach of the federal courts"); *United States v. Silevan*, 985 F.2d 962, 970 (8th Cir. 1993) (rejected as "plainly frivolous" defendant's argument that he was not a "federal citizen"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejected as "imaginative" argument that defendant could not be punished under the laws of the United States because he was a citizen of the "Republic" of Idaho, claiming "asylum" in the "Republic" of Colorado); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (rejected as frivolous argument that court lacked personal jurisdiction over defendant who claimed "non-citizen," "non-resident," "freeman" status); *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991) (rejecting "strange argument" that defendant is not subject to jurisdiction of the laws of the United States because "he is a freeborn, natural individual, a citizen of the State of Indiana, and a 'master'-not 'servant'-of his government").

//

//

U.S. v. MARSAN
3:24-cr-00071-SLG-MMS                    Page 3 of 11

Case 3:24-cr-00071-SLG-MMS    Document 38    Filed 10/31/24    Page 3 of 11

### B. Defendant Should Not Offer Incorrect Interpretations of the Law During Opening Statement and Closing Arguments or during the Trial.

As a preliminary matter, the courts have made it clear that a defendant should not be allowed to confuse the jury with incorrect interpretations of the law, including the Constitution and criminal statutes. "In our judicial system the court instructs the jury on the applicable law and directs the jury to determine the facts from the evidence and to apply the law as given by the court to those facts. The law is neither introduced as evidence nor presented through witnesses at trial." *United States v. Garber*, 589 F.2d 843, 849 (5th Cir. 1979). Moreover, "it is within the sole province of the court 'to determine the applicable law and to instruct the jury as to that law.'" *United States v. Hill*, 167 F.3d 1055, 1069 (6th Cir. 1999) (*quoting In re Air Crash Disaster*, 86 F.3d 498, 523 (6th Cir. 1996); *see also United States v. Mann*, 884 F.2d 532, 538 (10th Cir. 1989) ("It is the district court's peculiar province to instruct the jury on the law…"). "The law is given to the jury by the court and not introduced as evidence . . . Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be . . . Juries only decide facts, to which they apply the law given to them by the judge." *United States v. Willie*, 941 F.2d 1384, 1396 (10th Cir. 1991) (quoting numerous cases, including *Cooley v. United States*, 501 F.2d 1249, 1253-54 (9th Cir. 1974)) (internal citations omitted).

The defendant's arguments must be limited to the facts presented during trial and the instructions given by this Court. The defendant is permitted to argue that he lacked the requisite intent to commit the crimes with which he is charged. A disagreement with the

law, however, is not a defense to the crimes alleged in the indictment since one has to know what the law is in order to disagree with it. The defendant is not permitted to blur the line between factual evidence about his state of mind and the actual law. *See* Fed. R. Evid. 103(c).

### C. Defendant Should not be Permitted to Present Irrelevant "Evidence" to the Jury

Under the Federal Rules of Evidence, the jury shall not be exposed to inadmissible evidence. Fed. R. Evid. 103(c). "[E]vidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence," moreover, is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The primary issue in this case will be the Defendant's intent. Thus, the relevance of most evidence will depend on how probative it is of the Defendant's state of mind.

Thus, evidence presented by the Defendant in support of his interpretation of the law should be excluded, unless the Defendant lays a proper foundation to reveal: (1) the evidence was seen prior to the Defendant forming his beliefs (as opposed to after the beliefs were already formed); (2) an explanation of how such evidence helped form his beliefs in order to prove such information was relied upon by the Defendant and was instrumental in forming his views; and (3) the evidence is not self-serving hearsay which the Defendant helped create in support of his already existing beliefs.

//

//

U.S. v. MARSAN
3:24-cr-00071-SLG-MMS			Page 5 of 11

Case 3:24-cr-00071-SLG-MMS   Document 38   Filed 10/31/24   Page 5 of 11

A document or conversation is not relevant to the defendant's state of mind unless he relied upon it in making his decision to deregister his aircraft and fly commercially while unlicensed. Moreover, such conversations and documents are only relevant if the Defendant was exposed to them prior to the date that he committed the crime. Furthermore, only the Defendant can lay the proper foundation for the above-mentioned evidence, and he must do it by testifying in Court; from the witness stand, not the podium or counsel table.

### D. Defendant Cannot Introduce Evidence of his "Beliefs" Through Hearsay Testimony by Government or Defense Witnesses

It is not permissible for either Government or defense witnesses to express their opinion as to what the Defendant purportedly believed as this calls for speculation regarding the true contents of the Defendant's mind. The issue of whether the Defendant truly believed, albeit mistakenly, that he was not required to register his aircraft or possess a valid airman certificate, is an ultimate issue of fact, for the jury alone to decide. *See United States v. Hauert*, 40 F.3d 197, 201-202 (7th Cir. 1994) ("by the nature of a tax protestor case, defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances . . . "); *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) (witness testimony regarding a defendant's observations, what the defendant was told, and what the defendant said or did "will often not be 'helpful' within the meaning of Rule 701 because the jury will be in as

good a position as the witness to draw the inference as to whether or not the defendant knew."); *United States v. Phillips*, 600 F.2d 535, 538-539 (5th Cir. 1979) (opinion of lay witness that defendant indicated he "understood" what he was doing gave no objective basis for jury to determine defendant's state of mind).

### E. Reliance on Counsel

A defendant who reasonably relies on the advice of counsel may "not be convicted of a crime which involves willful and unlawful intent." *Williamson v. United States*, 207 U.S. 425, 453 (1908). Advice of counsel is not a separate and distinct defense but rather is a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of intent. *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961). A defendant is entitled to an instruction concerning the advice of counsel if it has some foundation in the evidence. *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987). In order to assert advice of counsel, a defendant must have made a full disclosure of all material facts to his or her attorney, received advice as to the specific course of conduct that he or she followed, and relied on the advice in good faith. *Id.*

### F. Jury Nullification

"Jury nullification" is the concept that a jury has the right to ignore a judge's instructions on the law, if it feels the law is unjust, and acquit the defendant even if the Government has proven guilt beyond a reasonable doubt. *See Bushell's Case,* 124 Eng. Rep. 1006 (C.P.1670) (releasing jury foreman Bushell, who was arrested for voting to acquit William Penn of unlawful assembly against the weight of the evidence and the

requirements of the law). *See also Horning v. District of Columbia*, 254 U.S. 135, 138 (1920) (recognizing jury's ability to acquit "in the teeth of both law and facts").

"Importantly, while jurors have the *power* to nullify a verdict, they have no *right* to do so." *Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005) (upholding excusing for cause of juror whose admitted belief in nullification would have prevented him from following the law as instructed by the court) (emphasis added). Therefore, the Defendant has no right to a jury nullification instruction. *Id. See also United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1992); *United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988) (upholding court's response to jury's inquiry about meaning of "jury nullification" that "[t]here is no such thing as valid jury nullification. Your obligation is to follow the instructions of the court as to the law given to you").

The Court should order the Defendant to refrain from mentioning or otherwise raiding the issue of nullification in front of the jury during the trial. Any attempt to do so should be treated as a contempt of Court and should initiate reconsideration of his ability to continue with self-representation in light of his inability to follow the instructions of the Court. *See Illinois v. Allen*, 397 U.S. 1057 (1970) (upholding removal of disruptive pro se defendant from courtroom during trial).

*See also Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (a judge "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct").

//

//

### G. Issues Relating to Self-Representation

#### 1. Continuance on Eve of Trial is not Required

If the defendant changes his mind about self-representation on the eve of trial and either requests standby counsel to take over or seeks time to find other representation, a continuance is not guaranteed. Broad discretion is granted to the trial courts when granting or denying continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). A court need not find a compelling reason to either grant or deny a continuance. *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) (en banc). In *Garrett*, the court held that the trial judge did not abuse her discretion in denying a continuance on the eve of trial. *Id*. The opinion describes the lengthy pretrial proceedings, and the warnings provided by the trial judge about the dangers of self-representation. *Id*. at 1145-46. The court commented on "the care and patience" exercised by the trial judge during the pendency of the case. *Id*. at 1145. See also *United States v. Leavitt*, 608 F.2d 1290, 1293 (9th Cir. 1979) (denial proper where defendant has engaged in dilatory course of conduct).

"When sixth amendment rights to counsel come into conflict with the trial judge's discretionary power to deny continuances, courts apply a balancing of several factors to determine if the trial judge's action was fair and reasonable." *Id*. (collecting cases). "Among the considerations are: the inconvenience to the witnesses, court, counsel and parties; have other continuances been granted; is the request for a delay based on legitimate reasons; is the delay defendant's fault; will denial of the continuance prejudice the defendant." *Id*.

//

## 2. Defendant Cannot Testify from the Podium or Through Arguments with or Statements to Witnesses

The Defendant may attempt to place his defense before the jury without actually testifying from the witness stand and subjecting himself to cross-examination. While he has the absolute right to either testify or not testify, he cannot, while acting as his own attorney, present his case through argument or by arguing with witnesses. The jury must decide the case based on the evidence before it, and neither the questions of counsel nor their opening or closing statements are evidence. *See* Ninth Circuit Model Jury Instructions 1.4, 3.7. "A jury's exposure to extrinsic evidence deprives a defendant of the rights to confrontation, cross-examination, and assistance of counsel embodied in the Sixth Amendment." *Raley v. Ylst*, 470 F.3d 792, 803 (9th Cir.2006) (citing *Lawson v. Borg*, 60 F.3d 608, 612 (9th Cir.1995)).

Supplemental instructions to the jury may be proper when counsel's arguments to the jury are legally erroneous or inflammatory. *See United States v. Blixt*, 548 F.3d 882, 890 (9th Cir.2008).

//
//
//
//
//
//
//

RESPECTFULLY SUBMITTED October 31, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Thomas C. Bradley
THOMAS C. BRADLEY
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ Thomas C. Bradley