S. LANE TUCKER
United States Attorney

THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Thomas.bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM BRIAN MARSAN,<br><br>Defendant. | No. 3:24-cr-00071-SLG-MMS |

**UNITED STATES' TRIAL BRIEF**

The United States respectfully submits this Trial Brief.

**I.  INTRODUCTION**

The defendant, WILLIAM BRIAN MARSAN, is charged with operating an aircraft without a license, operating an unregistered aircraft, and displaying a false aircraft registration mark.

Trial is scheduled to begin December 2, 2024. The government expects its case-in-chief to last two trial days. However, given the Defendant's position on jurisdiction, it is

difficult to accurately predict. Defendant refused to enter a plea at arraignment, and Judge Oravec entered them on his behalf. Defendant failed to stand for the Court at the most recent hearing. This is not atypical.

Pro se defendants asserting jurisdictional challenges often effectively refuse to participate in the trial, fearing that any activity somehow "grants jurisdiction" to the Court. Defendant therefore may well elect not to participate in *voir dire*, refuse to question or strike jurors, fail to make an opening statement or closing argument, and decline the opportunity to cross examine prosecution witnesses, call their own witnesses, testify, or object to admission of evidence. They will often either remain silent or read prepared statements into the record in lieu of substantive participation. Often, they attempt to proffer their case at inappropriate times, or "testify" without taking the stand, as addressed in the pending Government's Motion in Limine at Doc. 38.

Defendant has not filed any pretrial motions, although he has rejected as "non-negotiable" various court orders and notices (including the Indictment at Doc. 14) and effectively refused to accept correspondence from the Government at his home or in the jail. He failed to appear in court for three hearings, resulting in his pretrial detention, Doc. 24, despite clearly receiving notice (since he mailed the minute orders to the court "rejecting" them.) Marsan has asserted in "affidavits" filed with the Court that he is mistakenly identified and is not the Defendant in this case, and that he was kidnapped without authority. See, e.g., Doc. 19.

## II. STATEMENT OF THE CASE

### A. Factual Background

For many years, Defendant WILLIAM BRIAN MARSAN (the Defendant) held an Airman Certificate as an Airline Transport Pilot, issued by the Federal Aviation Administration (FAA). He operated an aviation business known as Sound Aviation. Defendant is also the owner of Piper Cherokee aircraft Model PA 32R-300, serial number 004843, FAA aircraft registration number N40449. In June 2022 Defendant revoked the registration of his Piper Cherokee aircraft in a letter to the FAA. MARSAN also allowed his medical certificate to lapse in 2020 and 2021, which was required to keep his pilot's license ("airman certificate" in FAA parlance).

In June 2023, the FAA received a report that the Defendant, as pilot in command of the Piper, had failed to radio his intention to take off from the Warren "Bud" Woods Palmer Municipal Airport in Palmer, Alaska When contacted by FAA inspectors in July, MARSAN refused to produce his airman certificate or aircraft registration and airworthiness certificates, claiming he as not required to have any of those. FAA revoked his airman certificate in January 2024. He has continued to fly the unregistered aircraft commercially, and without a valid pilot's license of any kind. He also partially obscured the registration number on the aircraft with decals.

Defendant was arrested July 18, 2024. He was advised of his *Miranda* right, and stated he did not want lawyer but would not sign the advisement acknowledgement form. On the way to the jail he made spontaneous statements, including that the had deregistered his aircraft.

U.S. v. MARSAN
3:24-cr-00071-SLG-MMS

Page 3 of 11

### B. Summary of Charges and Elements; Relevant Law

1. Count 1: OPERATING AIRCRAFT WITHOUT AIRMAN CERTIFICATE,
   49 U.S.C. § 46306(b)(7)

   a. Defendant served or attempted to serve as an airman;

   b. Defendant did not have an airman certificate authorizing him to serve in that capacity;

   c. Defendant acted knowingly and willfully.

2. Count 2: OPERATING UNREGISTERED AIRCRAFT,
   49 U.S.C. § 46306(b)(6)(A)

   a. Defendant operated or attempted to operate an aircraft eligible for registration;

   b. The aircraft was not registered; and

   c. Defendant acted knowingly and willfully.

3. Count 3: DISPLAYING FALSE AIRCRAFT REGISTRATION MARK
   49 U.S.C. § 46306(b)(3)

   a. Defendant displayed a mark on an aircraft;

   b. The mark was false or misleading about the nationality or registration of the aircraft;

   c. Defendant acted knowingly and willfully.

4. CRIMINAL FORFEITURE ALLEGATION
   49 U.S.C. § 46306(d)(1), (2)(B)&(D), 28 U.S.C. § 2461(c), Fed. R. Crim. P. 32.2

   a. The United States may seize and forfeit an aircraft whose use is related to a violation of 49 U.S.C. § 46306(b);

   b. An aircraft's use is presumed to have been related to such violation if:

      i. There is an external display of false or misleading registration numbers; or
      ii. The aircraft was operated when it was not registered.

U.S. v. MARSAN
3:24-cr-00071-SLG-MMS

Page 4 of 11

There are no Ninth Circuit Model Criminal Jury Instructions for these offenses.

An "'airman' means an individual in command, or as a pilot, mechanic, or member of the crew, who navigates aircraft when underway." 49 U.S.C. § 40102(a)(8)(A).

An "'aircraft' means any contrivance invented, used, or designed to navigate, or fly in, the air. 49 U.S.C. § 40102(a)(6).

"'Air transportation' means foreign air transportation, interstate air transportation, or the transportation of mail by aircraft." 49 U.S.C. § 40102(a)(5). Defendant was *not* engaged in "air transportation" under the meaning of this statute, see 49 U.S.C. § 46306(a).

"'Citizen of the United States' means an individual who is a citizen of the United States." 49 U.S.C. § 40102(a)(15((A).

Operating an aircraft includes not only actual flight, but also any actions that are preparatory or incident to flight, including starting, taxiing, and refueling the aircraft. *United States v. Amour*, 886 F.3d 1009 (11th Cir 2018).

An aircraft may be registered when the aircraft is not registered under the laws of a foreign country and is owned by a citizen of the United States. 49 U.S.C. § 44102.

An operator of an aircraft is required to make available for inspection a certificate of registration for the aircraft when requested by a United States Government, State, or local law enforcement officer. 49 U.S.C. § 44103(d).

The United States will separately file a complete packet of proposed jury instructions outlining the elements of each charge. The United States expects to move to dismiss the forfeiture allegation at the conclusion of the trial.

U.S. v. MARSAN
3:24-cr-00071-SLG-MMS

Page 5 of 11

## C. Witnesses

The United States anticipates calling the following witnesses in its case in chief. The government has not finalized the order in which the witnesses will testify and reserves the right to amend or supplement the witnesses it intends to call at trial.

1. *Don Hammond, Owner, Fly Around Alaska*: Hammond (and possibly other pilots) will testify that Marsan flew dangerously, including by failing to radio his intentions, taking off or landing on an improper runway, and flying his aircraft overloaded with plastic barrels of fuel.

2. *Jamie Hastings, Owner, Blue River Aviation*: Hastings (and possibly other pilots) will testify about dangerous flying by Marsan, which was reported to FAA. These included to "close calls" for mid-air collisions with Marsan's plane. Marsan flew his aircraft overloaded, and used the longest runway regardless of which runway was "active" evidently to avoid crashing due to the aircraft being overweight.

3. *Andrew Flack, Aviation Safety Inspector, FAA*: Flack observed Defendant land and park his aircraft at Palmer Airport on July 19, 2023. He observed empty fuel containers in the aircraft. Flack identified himself and asked to see Marsan's pilot and medical certificates, as well as the registration and airworthiness certificates for the aircraft. Defendant refused, stating he did not need them, and his plane was "deregistered." They discussed Marsan's fuel hauling across the Alaska Range, which Defendant was reluctant to provide details about.

4. *Katherine Banaszak, Attorney-Advisor, Office of Chief Counsel, FAA*: Ms. Banaszak will identify and admit various exhibits, including correspondence to and from Defendant Marsan regarding the revocation of his aircraft registration and airman certificate.

5. *Ursula Graham, Village Administrator, Lime Village, Alaska*: Graham has known Defendant since approximately 2006 or 2008, when he began flying into her village, located across the Alaska Range. He transported freight and passengers to and from Lime Village for many years. Will identify check and cash payments issued for Marsan's transport services. Marsan never told her he had revoked his registration, or that this pilot's license was revoked as well.

6. *Thomas Soeller, Special Agent, FBI*: Case agent, will testify about investigation, authenticate and admit documents, photographs and surveillance video of aircraft, records of aircraft travel based on tracking device placed in plane pursuant to court order.

   **D. Exhibits**

The government will provide the defendant and the Court a complete exhibit list prior to trial, and the government may supplement its exhibit list as the need arises. In general, the exhibits will include:

- Correspondence between FAA and Defendant regarding licensing of pilot and registration of aircraft.
- Photos of Defendant's aircraft.
- Surveillance videos of aircraft activity.
- Records of aircraft travel from tracking device placed on plane.
- Documents seized from defendant's residence.
- Copies of check payments made to Marsan for commercial flights.

## III.   LEGAL AND EVIDENTIARY ISSUES

   **A. Defendant's Statements**

The government may seek to introduce statements and admissions made by the defendant, including letters sent to the FAA, the Court, and other government officials, and conversations with FAA officials. Such evidence is admissible as "admissions by a party opponent." Fed. R. Evid. 801(d)(2)(A). These materials have been provided to defense counsel. It is well settled that a statement by a party may be offered against him as an admission, and therefore, is not hearsay. *United States v. Nixon*, 418 U.S. 683, 702, n. 13

(1974); *United States v. Warren*, 25 F.3d 890, 895 (9th Cir. 1994) ("A defendant's own out-of-court admissions…surmount all objections based on the hearsay rule…and [are] admissible for whatever inferences the trial judge [can] reasonably draw").

Although the government may offer a statement into evidence against a defendant as an admission, the defendant cannot offer his prior statements on his own behalf for proof of the truth of the matter asserted therein, since these self-serving statements are hearsay. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (defendant could not introduce non-inculpatory statements because they were inadmissible hearsay). Nor can defendant seek to introduce such hearsay statements through cross-examination of other witnesses. *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988). In *Williamson v. United States*, 512 U.S. 594, 600 (1994), the Court declared that the "fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement's reliability." The Court went on to find that there was "no reason why collateral statements, even ones that are neutral as to interest . . . should be treated any differently from other hearsay statements that are generally excluded"). If a defendant were allowed to introduce his exculpatory statements without subjecting himself to cross-examination, he would be doing precisely what the hearsay rule forbids. *United States v. Fernandez*, 839 F.2d at 640.

In some instances, the defendant's statements will be introduced as part of a larger conversation with another person. A third party's statements are admissible when they provide "context for other admissible statements [and] are not hearsay because they are not

offered for their truth." *United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006); *United States v. Kenny*, 645 F.2d 1323, 1340 (9th Cir. 1981) (statements by third party in conversation are not hearsay because they are not offered for the truth and are "an essential part of the conversation.")

### B. Motions in Limine

The United States filed a motion in limine regarding improper defenses and arguments at Docket 38. Defendant has not yet filed a response. The motion can be addressed at the Final Pretrial Conference on November 15.

### C. Expert Witness Testimony

No expert testimony is anticipated.

### D. Stipulations

No stipulations are anticipated.

## IV. TRIAL MANAGEMENT ISSUES

### A. Jury List

The United States respectfully asks this Court to order the Jury Administrator to provide the parties with a list of prospective jurors as soon as they are available, no later than Wednesday before trial (November 27) given the Thanksgiving holiday weekend just before trial begins.

### B. The Trial Team

Assistant U.S. Attorney Thomas C. Bradley will present the case for the government. Under Rule 615, the United States will move to exclude all witnesses until their testimony is complete, with the exception of the government's case agent, FBI Special

Agent Thomas Soeller. Fed. R. Evid. 615; *see also United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1985). The final member of the trial team is a paralegal specialist who will assist with trial management and presentation of evidence.

Defendant has elected to represent himself, and Assistant Federal Defender Benjamin Muse is serving as standby counsel. The United States requests that the Court again address the *Faretta* colloquy with Defendant. While Magistrate Judge Oravec did so thoroughly at the arraignment, it is always a good idea to remind Defendant that his decision can be revisited. It would also be helpful for the Court to briefly confirm with Defendant and standby counsel that a plea agreement was offered and rejected, to avoid *Frye/Lafler* issues in the future.

### C. Discovery and Reciprocal Discovery

The United States has provided the defendant with discovery consistent with Rule 16, Rule 26.2, and *Brady/Giglio*. The discovery was provided to standby counsel, but Defendant evidently refuses to accept it. This is also not atypical. The defendant has not provided the government with any discovery or witness statements in this case. The government hereby requests reciprocal discovery pursuant to Rule 16(b). To the extent that the defendant attempts to introduce any evidence not provided to the United States pursuant to his obligations under Rule 16(b), Rule 26, or other applicable law, the government will seek a preclusion order. *See Taylor v. Illinois*, 484 U.S. 400 (1988) (upholding constitutionality of preclusion of defense witness withheld from prosecution in violation of discovery rules).

## D. Courtroom Technical Issues

The United States will file a DEPS notice. The government respectfully asks the Court to provide a laptop for the jury to review electronic evidence during deliberations.

## V. CONCLUSION

The foregoing is a summary of the facts, relevant law, and evidentiary issues the government anticipates may arise at trial. Should any legal issues arise that have not been addressed, the government respectfully requests leave to submit further briefing as necessary.

RESPECTFULLY SUBMITTED November 12, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Thomas C. Bradley
THOMAS C. BRADLEY
Assistant United States Attorney
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ Thomas C. Bradley