S. LANE TUCKER
United States Attorney

THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Thomas.bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM BRIAN MARSAN,<br><br>    Defendant. | No. 3:24-cr-00071-VMK-MMS |

**GOVERNMENT'S MEMORANDUM OF LAW ON RESTRAINT AND REMOVAL OF DEFENDANT FROM COURTROOM DURING TRIAL**

COMES NOW the United States of America, by and through undersigned counsel, with this Memorandum of Law relating to remedies for disruptive conduct by criminal defendants at trial. Defendant has spoken out of turn repeatedly in Court and therefore the United States files this memorandum in an abundance of caution in the event Defendant fails to comply with the Court's instructions regarding his courtroom demeanor.

//

//

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . ." U.S. Const. amend. VI. The confrontation clause has long been recognized as guaranteeing the basic right of the accused to be present in the courtroom at every stage of a criminal trial. *Lewis v. United States*, 146 U.S.370 (1892). However, this right is not absolute. "[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. *Illinois v. Allen*, 397 U.S. 337, 343 (1970). "The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated." *Id.* Justice Black recognized "three permissible ways to handle an obstreperous defendant: 1) bind and gag him, thereby keeping him present; 2) cite him for contempt; 3) take him out of the courtroom until he promises to conduct himself properly." *Id*. at 343-44. (A more modern alternative would include a defendant watching the trial on video from another courtroom or the detention area.) The court should state that the defendant may return any time after he or she assures the court that there will be no further disturbance. *United States v. Kizer*, 569 F.2d 504 (9th Cir. 1978).

The Supreme Court has recognized that shackling a defendant is only justified by case-specific needs, such as for courtroom security. *Deck v. Missouri*, 544 U.S. 622, 632 (2005). If the court orders that a defendant be shackled or shackled and gagged, it must make a full statement on the record of the reasons for such action. The defendant and his or her counsel should be given an opportunity to respond to the reasons presented and to

try to persuade the court that such measures are unnecessary. *Id.*

If a pro se defendant persists in refusing to obey the court's directions or in injecting extraneous and irrelevant matter into the record, the court may direct standby counsel to take over the representation of the defendant. *United States v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973). If a defendant who is appearing pro se disrupts the proceedings, the court should first warn the defendant that if there is any further disruption the court will deny him or her the right to proceed pro se and will direct standby counsel to take over. If there is any further disruption, the court should direct standby counsel to take over. If the defendant continues to be disruptive, he or she may then be removed from the courtroom. *Badger v. Cardwell*, 587 F.2d 968 (9th Cir. 1978). After being ejected, a disruptive defendant may reclaim the right to be present by assuring the court that he or she will not engage in inappropriate conduct. *Id.* If a defendant is removed from the courtroom, electronic arrangements should be made so that the defendant can hear the proceedings. *United States v. Munn*, 507 F.2d 563 (10th Cir. 1974).

//

//

//

//

//

//

//

//

U.S. v. MARSAN
3:24-cr-00071-VMK-MMS                Page 3 of 4
Case 3:24-cr-00071-VMK-MMS   Document 57   Filed 11/27/24   Page 3 of 4

RESPECTFULLY SUBMITTED November 27, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s THOMAS C. BRADLEY
THOMAS C. BRADLEY
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s THOMAS C. BRADLEY

U.S. v. MARSAN
3:24-cr-00071-VMK-MMS                Page 4 of 4
Case 3:24-cr-00071-VMK-MMS   Document 57   Filed 11/27/24   Page 4 of 4