MICHAEL J. HEYMAN
United States Attorney

THOMAS C. BRADLEY
MAC CAILLE PETURSSON
Assistant United States Attorneys
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: thomas.bradley@usdoj.gov
Email: mac.caille.petursson@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>WILLIAM BRIAN MARSAN,<br><br>        Defendant. | No. 3:24-cr-00071-VMK-MMS |

**SENTENCING MEMORANDUM**

On December 3, 2024, a jury convicted the Defendant, William Brian Marsan, of operating an aircraft without an airman certification in violation of 49 U.S.C. § 46306(b)(7), and of operating an unregistered aircraft in violation of 49 U.S.C. § 46306(b)(6)(A). Defendant refuses to accept responsibility for his crimes or to recognize the authority of this Court. The guideline sentencing range for this offense is 0-6 months, Defendant has already served over two months of that time when he was

detained pre-trial for failing to comply with this Courts orders. The Government is not seeking additional prison time in this case. Rather, given Defendant's past defiance of Court orders and his reluctance to accept the authority of this Court, the government requests the maximum possible term of probation in order to assure the Court that he does not continue to defy this Court's orders and operate planes that he is prohibited from operating, thereby putting the community, far and wide, in danger. Defendant currently has no pilot's license. He may be eligible to apply for his license again, however that process takes time. Evidence at trial proved he was operating his aircraft unregistered and without a valid pilot's license for years. The Government submits that Defendant should be under the maximum term of probation, five years, to assure compliance with the Court's orders and protect the community. Additionally, the Government submits that a fine of $50,000 is appropriate.

The United States recommends imposition of the following sentence:

```
INCARCERATION..................................................................................NONE
SPECIAL ASSESSMENT.......................................................................$200
PROBATION……………………………………………….…………5 YEARS
RESTITUTION ....................................................................................... N/A
FINE................................................................................................. $50,000
```

## FACTS

For many years, Defendant William Brian Marsan, held an Airman Certificate as an Airline Transport Pilot, issued by the Federal Aviation Administration (FAA). He operated an aviation business known as Sound Aviation. Defendant is also the owner of Piper Cherokee aircraft Model PA 32R-300, serial number 004843, FAA aircraft registration number N40449. In June 2022, Defendant revoked the

*U.S. v. Marsan*
3:24-cr-00071-VMK-MMS        Page 2 of 7
Case 3:24-cr-00071-VMK-MMS    Document 76    Filed 03/26/25    Page 2 of 7

registration of his Piper Cherokee aircraft in a letter to the FAA. Defendant also allowed his medical certificate to lapse in 2020 and 2021, which was required to keep his pilot's license ("airman certificate" in FAA parlance). In June 2023, the FAA received a report that the Defendant, as pilot in command of the Piper, had failed to radio his intention to take off from the Warren "Bud" Woods Palmer Municipal Airport in Palmer, Alaska. When contacted by FAA inspectors in July, Defendant refused to produce his airman certificate or aircraft registration and airworthiness certificates, claiming he was not required to have any of those. FAA revoked his airman certificate in January 2024. He has continued to fly the unregistered aircraft commercially, and without a valid pilot's license of any kind. He also partially obscured the registration number on the aircraft with decals.

Defendant was arrested July 18, 2024. He was advised of his *Miranda* right, and stated he did not want lawyer but would not sign the advisement acknowledgement form. On the way to the jail he made spontaneous statements, including that he had deregistered his aircraft.

Defendant was released after his initial appearance pending trial. However, once he did not appear for several scheduled court appearances, the Court issued a bench warrant and he was detained on October 2, 2024, through his trial on December 3, 2024.

## GUIDELINES CALCULATION

The government agrees with the Guidelines calculation outlined in the presentence report.

//

*U.S. v. Marsan*
3:24-cr-00071-VMK-MMS  Page 3 of 7
Case 3:24-cr-00071-VMK-MMS   Document 76   Filed 03/26/25   Page 3 of 7

# STATUTORY CRITERIA AND RECOMMENDED SENTENCE

The relevant sentencing criteria set out at 18 U.S.C. § 3553(a) support the parties' negotiated disposition. Among the more significant in this case are:

**1. Nature and circumstances of the offense**

Defendant defied the FAA for years and operated his aircraft unlawfully without a registration or a valid pilot's license. He traveled far to remote villages, transporting fuel and other hazardous materials. Defendant also transported passengers, putting their lives at stake. He spoke with FAA officials in person and corresponded with them by mail. Defendant knew the rules and requirements to fly, but decided the rules did not apply to him.

This factor weighs in favor of a 5-year sentence of probation.

**2. History and characteristics of the defendant**

Defendant owned and operated his own businesses, delivering services and goods in Alaska. He was also a flight instructor. Defendant appears to have followed the law for many years, he had the highest level of a pilot's license and a registered aircraft for many years.

Defendant does not recognize the laws of the United States. His unwillingness to recognize the Court's authority was evident during trial, as was his defiance of the United States laws that do in fact apply to him as a citizen of the United States, evidenced by his passport, which was an exhibit at trial. Defendant's defiance not only puts him and his family in jeopardy, but the whole community in Alaska and beyond if he were to continue to operate his plane without a license or registration, as he did for many years.

*U.S. v. Marsan*
3:24-cr-00071-VMK-MMS        Page 4 of 7
Case 3:24-cr-00071-VMK-MMS    Document 76    Filed 03/26/25    Page 4 of 7

This factor weighs in favor of a 5-year sentence of probation.

### 3. The seriousness of the offense and just punishment

As evidenced during trial, Defendant nearly caused a mid-air collision because of his unwillingness to follow basic principles of air traffic or comply with FAA requirements.

In the Government's opinion, this is not a case where incarceration will necessarily help reform the Defendant or deter the public. The Government's biggest concern is in preventing the Defendant from continuing to operate his plane without a license or registration as he transported hazardous fuels and passengers across Alaska. For that reason, the Government seeks the maximum term of probation so that the Court can ensure Defendant remains in compliance with the Court's orders to ensure the safety of the community.

It remains very uncertain to the Government that part of the goals of 18 U.S.C. § 3553(a)(2)(A), promoting respect for the law, can be achieved by the Defendant in this case. However, even if Defendant disagrees with the laws, he must learn how to comply with them.

This factor weighs in favor of a 5-year sentence of probation.

### 4. Adequate deterrence

Defendant does not have a criminal history, therefore his time in jail thus far, over 2 months, is already significant. A significant period of probation, 5 years, along with a significant fine of $50,000, stands as a both a necessary deterrent for the public and also as a way to help ensure Defendant's success in complying with the Court's orders.

This factor weighs in favor of a 5-year sentence of probation.

*U.S. v. Marsan*
3:24-cr-00071-VMK-MMS     Page 5 of 7
Case 3:24-cr-00071-VMK-MMS    Document 76    Filed 03/26/25    Page 5 of 7

## 5. Protection of the public from further crimes

The Government is very concerned with general, and specific, threats to public safety. Again, Defendant's reckless behavior nearly caused a mid-air collision as evidenced in trial. If he were to continue to operate his aircraft without a license or registration, flying people and fuel across Alaska, he poses a general threat to anyone living below his flight and a specific threat to any other plane in the airspace, as well as any passengers with him.

This factor weighs in favor of a 5-year sentence of probation.

## 6. Fine

Defendant operated his aircraft unlawfully for years, defying FAA regulations, all while benefiting financially from doing so. Evidence during trial revealed numerous checks that the Defendant received for his services flying to Lime Village, and elsewhere, to provides goods, services, and transport, well in excess of $50,000.

| Check From | Check Date | Check Number | Amount | Memo | Notes |
|---|---|---|---|---|---|
| Lime Village Traditional Council | 2/20/2024 | 6069 | $14,000 | 200 Gal Gasoline x7 Households Meeting Approved | |
| Lime Village Traditional Council | 2/1/2024 | 2259 | $47,000 | 4000 Gallons Diesel Fuel @ $11.75 Per Gallon | $44,000 in cash withdrawn day after this check was deposited |
| Lime Village Traditional Council | 10/11/2023 | 2256 | $30,000 | 2400 Gallons Diesel Fuel @ $12.50 Per Gallon | |
| Lime Village Traditional Council | 10/9/2023 | 6055 | $20,000 | Battery Back Haul Charters & Disposal Fees 8566 lb | $7500 in cash withdrawn 3 days after this check deposited |
| Dale K Marrou | 8/9/2023 | 2727777 | $5,000 | DEPOSIT FOR MOOSE HUNT | |
| David B Bobby, Sheila L Willis | 8/21/2023 | 1013 | $1,030 | Fuel | |
| Lime Village Traditional Council | 8/3/2023 | 2254 | $30,000 | Battery Back Haul & Fuel | Total of $12,500 in cash withdrawls within 3 days of deposit |
| Cassandra D Bobby | 7/18/2023 | 246 | $367.65 | Food | |
| Lime Village Traditional Council | 6/30/2023 | 6033 | $1,200 | Freight for Used Oil Burner to Lme Village | |
| Cassandra D Bobby, Chris Gusty | 6/6/2023 | 553 | $120 | Food | |
| Lime Village Traditional Council | 5/25/2023 | 6029 | $25,200 | 2100 Gallons Diesel Fuel @ $12.00 Per Gallon | $8,000 in cash withdrawls within 4 days of deposit |
| Lime Village Traditional Council | 4/10/2023 | 2253 | $23,400 | 1200 Gal Diesel @ $12.50 & 800 Gal Gasoline @ $1 | |
| Fred D Bobby, Lisa Gusty | 11/29/2022 | 1760 | $140 | Freight | |
| | | Total | $197,457.65 | | |

//

//

*U.S. v. Marsan*
3:24-cr-00071-VMK-MMS   Page 6 of 7
Case 3:24-cr-00071-VMK-MMS   Document 76   Filed 03/26/25   Page 6 of 7

Additionally, the search warrant of Defendant's residence revealed $24,860 in cash. Defendant also owns his airplane. The Government's position is that Defendant has the means to pay this fine and it is wholly warranted based on his conduct.

## CONCLUSION

The Defendant's actions put the lives of the community at stake. His behavior in this case consistently demonstrates that he does not intend to comply with the Court's orders. The FAA has not banned the Defendant from ever flying again, however he does not need to work hard to regain any pilot's license or aircraft registration and learn the importance of complying with FAA rules. Therefore, a maximum term of probation, 5 years, and a $50,000 fine is an appropriate sentence in this case.

RESPECTFULLY SUBMITTED March 26, 2025 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

s/ *Mac Caille Petursson*
MAC CAILLE PETURSSON
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ *Mac Caille Petursson*

*U.S. v. Marsan*
3:24-cr-00071-VMK-MMS        Page 7 of 7
Case 3:24-cr-00071-VMK-MMS    Document 76    Filed 03/26/25    Page 7 of 7